IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JAMES SMITH,<br><br>*Plaintiff,*<br><br>v.<br><br>TARRY WILLIAMS *et al.*,<br><br>*Defendants.* | NO. 3:23-CV-50074<br><br>HONORABLE IAIN D. JOHNSTON |

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Smith brings this action under 42 U.S.C. § 1983, alleging violations of his rights under the Eighth Amendment. Before the Court is a motion to dismiss from two of the defendants in this case: Wexford Health Sources ("Wexford") and Dr. Larry Sy (collectively "Defendants"). For the following reasons, the Court grants in part and denies in part the motion.

**BACKGROUND**

The Illinois Department of Corrections contracts with Wexford to provide medical services to those housed in its facilities, including Dixon Correctional Center ("Dixon"). Dkt. 50 ¶ 6. Mr. Smith, who is incarcerated at Dixon, had four of his upper teeth removed in June 2020. *Id.* ¶¶ 3, 11. Because of the missing teeth, he has trouble eating food, experiencing pain and bleeding gums when trying to chew. *Id.* ¶ 15.

After the removal of his teeth, Mr. Smith asked for an upper denture and was told that he would be notified when to come back in. *Id.* ¶ 11. Over the next year and a half, he submitted two written requests for updates—one in January 2021 and one in

1

January 2022. *Id.* ¶¶ 12-13. He was told that his name was on a list but also that the COVID-19 pandemic had caused increased wait times for partial dentures. *Id.* On February 16, 2022, Mr. Smith filed a grievance; he received a response on August 23, 2022. *Id.* ¶ 14. The response indicated that the Mr. Smith's issue had been addressed and wouldn't receive further review. *Id.* Mr. Smith appealed, and the appeal was denied on December 20, 2022. *Id.* In addition to the written communications, Mr. Smith spoke with Dixon personnel about the delay. *See id.* ¶¶ 14, 16.

Dr. Sy was one of the doctors employed by Wexford and working at Dixon. *Id.* ¶ 7. Mr. Smith saw Dr. Sy several times for other issues; during these appointments, he would ask Dr. Sy when a dentist would be available or if he could be sent to an offsite dentist for dentures. *Id.* ¶ 19. Dr. Sy would nod his head, smile, or laugh, but he wouldn't respond. *Id.*

## LEGAL STANDARD

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

## ANALYSIS

### I. Dr. Sy

Through its prohibition of "cruel and unusual punishments," the Eighth Amendment imposes duties on prison officials to ensure, among other things, adequate medical care for incarcerated individuals. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). But not every injury "translates into constitutional liability." *Id.* at 834. To violate the Eighth Amendment, a prison official must act with deliberate indifference. *Id.*; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To make a claim of deliberate indifference, a plaintiff must allege (1) an objectively serious medical need (2) to which the defendant was deliberately indifferent. *Farmer*, 511 U.S. at 834, 847; *see also Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). In addition, the defendant's deliberate indifference must have injured the plaintiff. *Stockton v. Milwaukee County*, 44 F.4th 605, 614 (7th Cir. 2022).

Defendants don't dispute that Mr. Smith had an objectively serious medical condition. The only questions are whether Dr. Sy acted with deliberate indifference and whether this deliberate indifference caused harm to Mr. Smith.

"Deliberate indifference requires a look into the subjective state of the defendant['s] mind." *Brown v. Osmundson*, 38 F.4th 545, 550 (7th Cir. 2022). To have a "sufficiently culpable state of mind," the defendant must be subjectively aware of the specific, serious medical need or risk and must disregard it by "failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 834, 847; *Perez*, 792 F.3d at 776-77. The defendant must know of the facts from which the risk can be inferred, and the defendant must draw that inference. *Farmer*, 511 U.S. at 837. Deliberate indifference

3

can take many forms, including a delay in treatment for nonmedical reasons that exacerbates or prolongs a person's pain. *Perez*, 792 F.3d at 777; *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

The complaint's only factual allegation that goes to what Dr. Sy would have known is that when Mr. Smith saw Dr. Sy for other issues, Mr. Smith would ask when a dentist would come or if he could be sent to an offsite dentist to get dentures. Dkt. 50 ¶ 19.[1] From that, it's reasonable to infer that Mr. Smith may have explained why he needed dentures, making it plausible that Dr. Sy knew about the pain Mr. Smith was experiencing.

It's also plausible that Dr. Sy ignored the risk of prolonging Mr. Smith's pain—the complaint alleges that all Dr. Sy would do in response was nod his head, smile, or laugh. Dkt. 50 ¶ 19. Defendants try to offer some additional facts of their own, but the standard on a motion to dismiss doesn't include taking into account opposing allegations from the defendants. And given the allegation that Dr. Sy was the medical director at Dixon with the responsibility of coordinating medical care, including offsite referrals, for those incarcerated at Dixon, Dkt. 50 ¶ 22, it's plausible that his inaction could have caused a delay (because he would have had the authority to address Mr. Smith's complaints).

The complaint also sufficiently pleads that the delay injured Mr. Smith—he experienced pain and bleeding gums when chewing food, and he waited for years without

---

[1] Mr. Smith's response brief also adds that he complained to Dr. Sy about experiencing pain and difficulty chewing food. Dkt. 54 at 3. The additional allegation isn't necessary, but it underscores the plausibility that Dr. Sy knew Mr. Smith was in pain while waiting for dentures.

4

dentures or some other treatment to alleviate the pain. *See McGowan*, 612 F.3d at 640-41 (finding that a three-month delay after the plaintiff complained of dental pain supported a deliberate indifference claim). Mr. Smith has sufficiently stated a claim under the Eighth Amendment against Dr. Sy.

## II. Wexford

The Seventh Circuit treats private entities acting under color of state law as municipalities. *Dean v. Wexford Health Services, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). Because municipalities are not vicariously liable under § 1983, Wexford's liability is governed by *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Dean*, 18 F.4th at 235. Under *Monell*, the plaintiff must connect the deprivation of a federal right to municipal action, which can take the form of "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023) (quoting *Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019)). The plaintiff must also show that the municipal action amounts to deliberate indifference and was the "moving force" behind the constitutional injury. *Id.*

Defendants argue that Mr. Smith has failed to allege the last part—that Wexford was the moving force behind his injury. Mr. Smith misses the mark in his response. He argues that Dr. Sy failed to approve outside dental care for a denture fitting, but *Monell* liability isn't vicarious liability. *Thomas*, 74 F.4th at 523; *Dean*, 18 F.4th at 235 ("In other words, a municipality is liable under § 1983 only 'for *its own* violations

5

of the federal Constitution and laws.'" (citations omitted)). He points out that Defendants improperly characterize the injury as not being approved to receive dentures when the injury is the prolonged wait that Mr. Smith has experienced in receiving the dentures, but he doesn't connect any of the alleged policies or customs—described in his complaint or in his response brief—to that injury.[2] None of this is responsive to Defendants' argument that Wexford's conduct was the "moving force" behind Mr. Smith's injury, so his *Monell* claim is dismissed. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

## CONCLUSION

Dr. Sy and Wexford's motion to dismiss is granted in part and denied in part. The *Monell* claim is dismissed without prejudice, and Wexford is terminated from the case. Mr. Smith has until June 11, 2024, to amend; if no amended complaint is filed, the dismissal will be converted to a dismissal with prejudice.

Date: May 10, 2024

HONORABLE IAIN D. JOHNSTON
*United States District Judge*

---

[2] At best, Mr. Smith's analysis of the instructions in Wexford's healthcare provider handbook could support a claim that Mr. Smith received *no* treatment for his dentures, but, as noted by Defendants, Mr. Smith doesn't argue he received no care because he was approved for dentures.

6