IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JAMES HOWARD SMITH,<br><br>　　　　　　　　　　*Plaintiff*,<br><br>v.<br><br>TARRY WILLIAMS, ET AL.<br><br>　　　　　　　　　　*Defendants*. | Case No.: 23-cv-50074<br><br>HONORABLE MICHAEL F. IASPARRO |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff James Howard Smith's Motion to File His Fourth Amended Complaint. Dkt. 129. Defendants Dr. Larry Sy and Wexford Health Sources filed objections to the motion. Dkt. 131. Defendants Fuller, Perez, and Williams adopted and supplemented those objections. Dkt. 135. For the following reasons, Plaintiff's motion is granted.

## BACKGROUND

Plaintiff James Howard Smith is an inmate currently incarcerated at the Dixon Correctional Center. Dkt. 63, ¶ 3.[1] In June 2020, Plaintiff requested an upper denture after having his last four upper teeth removed by the Dixon dentist. *Id.* ¶ 11. With no upper teeth and no dentures, Plaintiff has been unable to eat properly and has experienced pain and bleeding gums. *Id.* ¶ 15. Between June 2020 and January 2022, Plaintiff inquired about getting fitted for dentures on several occasions. *Id.* ¶¶ 12,13. When these inquiries did not yield any action, Plaintiff employed the grievance process and exhausted his administrative remedies. *Id.* ¶ 14.

---

[1] The background facts set forth in this paragraph are taken from the allegations of the Third Amended Complaint. Dkt. 63. The citation to ¶ 3 is from the second ¶ 3 in the Third Amended Complaint.

1

On January 24, 2023, Plaintiff filed his original complaint against several individuals involved in his medical care, as well as Wexford Health Sources. Dkt. 1. In October 2024, and after three amended complaints, the court dismissed the claims against the medical schedulers for failure to state a claim. Dkt. 107. Now, Plaintiff has moved this Court for leave to file a Fourth Amended Complaint. Dkt. 129.

Based on a comparison of Plaintiff's proposed Fourth Amended Complaint to the Third Amended Complaint, Plaintiff does not propose to add any new claims. Rather, he merely alleges additional facts that should not come as a surprise to any party. The relevant new allegations in the proposed Fourth Amended Complaint can be summarized as follows:

- By the time he was given an appointment for a dental plate fitting, Plaintiff had suffered enough bone loss in his gums that the plate cannot be made to fix. Dkt. 129-1, ¶ 2.
- Plaintiff's current dentures do not fit because of the severe bone loss in his gums he has suffered. *Id.* ¶ 14.
- Wexford's unwritten policy has resulted in Dixon not having a dentist on staff for at least twelve months. *Id.* ¶ 35.
- Defendants Williams and Sy were aware of this policy and yet delayed ordering anyone to see that Plaintiff got fitted for dentures. This delay resulted in permanent bone loss in Plaintiff's gums. *Id.* ¶¶ 37, 39.
- Defendant Carpenter never approached anyone to see that Plaintiff got upper plate dentures or even an appointment to be fitted for them, never saw that Plaintiff got any medication for his pain, and failed to advocate for Dixon to hire a dentist. *Id.* ¶ 41.

2

- Defendant Williams further demonstrated his deliberate indifference to Plaintiff's serious medical needs by delegating his grievance responsibilities to a subordinate. *Id.* ¶ 37.

The actual claims in Counts I-IV of the proposed Fourth Amended Complaint are the same as those asserted in the Third Amended Complaint (and Plaintiff actually removed the previously stricken Count V, thus cleaning up the charging document). Plaintiff's prayer for relief remains the same, with the minor clarification that the compensation Plaintiff seeks includes compensation for the permanent bone loss Plaintiff has suffered as a result of the delay in dental treatment he was eventually provided.

## LEGAL STANDARD

"[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). "The Federal Rules of Civil Procedure adopt a liberal standard for amending: 'The court should freely give leave when justice so requires.'" *Life Plans, Inc. v. Security Life of Denver Ins., Co.*, 800 F.3d 343, 357 (7th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). The Supreme Court has cautioned that the "mandate [that leave to amend be freely given] is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962). Indeed, "while a court may deny a motion for leave to file an amended complaint, such denials are disfavored." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

## ANALYSIS

Defendants Sy and Wexford contend that Plaintiff's amendment should be denied because it: (1) fails to comply with court orders; (2) creates undue delay and prejudice; and (3)

3

fails to set forth specific new facts. Dkt. 131, at 3-6. Defendants Fuller, Perez, and Williams adopt these objections.[2] Dkt. 135.

As a preliminary matter, the Court notes that Defendants have not given any indication that the additional facts alleged in the proposed Fourth Amended Complaint lack specificity or merit. Nor do Defendants indicate that such additional facts will in any way impact the parties' ability to complete fact discovery by the current deadline of January 30, 2026. *See* Dkt. 117. Nonetheless, the Court will consider each of Defendants' arguments in turn.

### A. Compliance with court orders

Defendants argue that this motion does not comply with court orders as, despite multiple extensions of time and clear guidance by the court, Plaintiff filed the motion for leave to file a fourth amended complaint without obtaining Defendants' positions. Dkt. 131, at 3-4. Presumably, Defendants would have objected, and their objections would have been noted in Plaintiff's motion, leading the Court right to where it is now – ruling on a contested motion for leave to file an amended complaint. Failure to comply with pleading rules or court orders can be sufficient to warrant rejecting leave to file an amended complaint. *Standard v. Nygren*, 658 F.3d 792, 796-797 (7th Cir. 2011). However, the Court does not believe this failure to include Defendants' position in its motion to be reason enough to deny it.

Compliance with pleading rules serves "to give defendants fair notice of the claims against them and the grounds supporting the claims." *Id.* at 797. While important, the need to include all parties' positions on a motion in no way prevents Defendants from receiving fair notice. As this particular failure to comply has no impact on the underlying facts or circumstances of Plaintiff's

---

[2] Defendants Fuller, Perez, and Williams also contend that the extension of time to file this amendment was granted based on incorrect information. Even assuming this to be true, such does not amount to undue delay *and* undue prejudice given the nature of Plaintiff's proposed amendment.

4

claims, the Court does not think it appropriate to deny leave on this basis. *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

### B. Undue delay and prejudice

Defendants also argue, in somewhat conclusory fashion, that the proposed Fourth Amended Complaint "serves to prejudice the Defendants." Dkt. 131, at 3. The Court disagrees.

Denial of a proposed amendment is appropriate when "the moving party has unduly delayed in filing the motion [or] if the opposing party would suffer undue prejudice." *Soltys*, 520 F.3d at 743. "The 'undue delay' analysis asks whether the amending party has 'unduly delayed in filing the amendment,'" not "the potential delay the amendment will cause." *In re: First Farmers Financial Litigation*, No. 14-cv-7581, 2016 WL 212936, at *4 (N.D. Ill. Jan. 19, 2016) (quoting *Soltys*, 520 F.3d at 743). "[H]owever, delay by itself is normally an insufficient reason to deny a motion for leave to amend. Delay must be coupled with some other reason" – which is typically undue prejudice. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004).

As evidence of undue prejudice, Defendants point to Plaintiff's failure to "contribut[e] in any way to the creation of a case management order, continual requests for extensions of time to submit his amended complaint, and repeated violations of Court instructions," as well as his failure "to participate in the discovery process in a meaningful way." Dkt. 131, at 4. Additionally, Defendants take issue with Plaintiff's "serious mischaracterization" of this litigation being in its early stages as "it is only due to Plaintiff's dilatory conduct." *Id.*

While the docket reflects that many of these concerns are warranted, these arguments speak to ongoing issues with Plaintiff's (and Plaintiff's counsel's) diligent participation in these proceedings, not to possible prejudices that would be unduly placed on Defendants if the motion

5

for leave to amend the operative complaint were granted. *See Select Creations, Inc. v. Paliafito America, Inc.*, 830 F.Supp. 1213, 1218 (E.D. Wis. June 25, 1993) (compiling cases that illustrate what constitutes undue prejudice caused by an amendment). Thus, the Court will not deny Plaintiff's motion for leave to file an amended complaint on this basis.

### C. Specific new facts

Defendants' final argument is that leave should not be granted because "Plaintiff's amendment[']s terse new additions fail to satisfy the pleading standards." Dkt. 131, at 5. As support, Defendants point to Plaintiff's failure to include when or how he learned of his bone loss. *Id.*

"A complaint that complies with the federal rules of civil procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). "All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim. . ." *Id.* (citing *Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 863 (7th Cir. 2002)). When and how Plaintiff gained knowledge of the additional facts asserted is not necessary for this "bare minimum" requirement. Plaintiff's revised allegations that he has now been fitted for and received an upper denture, but that the delay in doing so resulted in permanent bone loss, are specific enough to satisfy federal pleading standards. *Contrast Johnson v. Fundex Games, Ltd.*, 2010 WL 935484, at *2 (S.D. Ind. Mar. 10, 2010) (finding good cause for amending complaint to add newly discovered facts that "Plaintiff ha[d] pursued attentively") *with D.A.N. Joint Venture III, L.P. v. Touris*, 2021 WL 365609, at *6 (N.D. Ill. Feb. 3, 2021) (denying motion to amend complaint where the amended complaint attached nothing more than the same exhibits as a previous complaint).

In furtherance of this last argument, Defendants also claim that these new additions "only

serve as contradictions." Dkt. 131, at 5. Plaintiff has alleged he was not provided with dentures for an extended period of time. He further alleges he has now been fitted for and received dentures. Plaintiff then alleges this delay led to permanent bone loss. None of this is necessarily contradictory, and it all appears related to the same complaint about failure to provide Plaintiff with dentures which this case has always been about. Thus, there is no surprise, and no undue prejudice.

Lastly, Defendants reference the district court's caution against a delayed, "pinch-hitting" approach to pleading. Dkt. 131, at 6 (citing *Hernandez v. Williams*, No. 23-cv-50267, 2025 WL 789382, at *2 (N.D. Ill. Mar. 12, 2025)). While the Court appreciates Defendants' commitment to heeding this warning, the leave requested here is not for allegations being "thrown into the mix at the bottom of the ninth inning." *Hernandez*, 2025 WL 789382, at *2. In the cited case, the plaintiff filed a response to a motion to dismiss that snuck in an attempt to amend his complaint. *Id.* Here, Plaintiff is not trying to sneak anything in but, rather, has moved for leave to file an amended complaint as required. What's more, the additional factual allegations are related to the initial basis for Plaintiff's lawsuit and really only serve to clarify the full basis for the relief Plaintiff has always sought.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for leave to file his Fourth Amended Complaint. The proposed Fourth Amended Complaint shall be separately filed within seven days, and Defendants shall have fourteen days thereafter to answer or otherwise plead.

Entered: June 12, 2025            By: _____
                                  Michael F. Iasparro
                                  United States Magistrate Judge

7