# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| James Smith,<br><br>    *Plaintiff*,<br><br>v.<br><br>Tarry Williams, *et al.*,<br><br>    *Defendants*. | Case No. 3:23-cv-50074<br><br>Honorable Michael F. Iasparro |

## **ORDER**

On 9/25/2025, this Court granted the Wexford Defendants' motion for rule to show cause against Plaintiff's counsel following Plaintiff's failure to supplement responses to discovery as ordered by this Court. For the reasons stated below, the Wexford Defendants' request for sanctions against Plaintiff's counsel is granted.

On 1/24/2025, the Wexford Defendants issued written discovery requests on Plaintiff. Since that time, Plaintiff has failed to provide sufficient responses despite two motions to compel and entry of a rule to show cause.

On 3/28/2025, the Wexford Defendants filed their first motion to compel after Plaintiff failed to timely respond to any of their written discovery requests. Dkt. 123. After the motion was filed, Plaintiff responded to the discovery requests. However, on 5/8/2025, Magistrate Judge Schneider granted the Wexford Defendants' motion to compel because the responses Plaintiff provided remained deficient. Dkt. 132. Following an extension of time, Plaintiff provided amended responses on 6/2/2025. Dkt. 138, 145.

On 9/2/2025, the Wexford Defendants filed a second motion to compel because Plaintiff's amended responses to written discovery remained deficient. Dkt. 145. At a telephonic hearing on 9/9/2025, this Court granted the Wexford Defendants' second motion to compel and ordered Plaintiff to verify his interrogatory responses and supplement his responses to Interrogatories Nos. 2 and 11, and Request for Production No. 16 by 9/23/2025. Dkt. 147. Plaintiff's counsel confirmed that he understood the Court's order. This Court also set a telephonic status hearing for 9/25/2025, two days after Plaintiff's deadline to supplement, to confirm that Plaintiff provided the supplemental discovery responses as ordered and to address any appropriate sanctions in relation to the Wexford Defendants' second motion to compel. *Id.*

1

On 9/24/2025, the Wexford Defendants filed a motion for rule to show cause seeking sanctions because Plaintiff failed to provide verification and supplemental responses to discovery by the 9/23/2025 deadline. Dkt. 149. The Court notified the parties that it would address the motion at the upcoming status hearing scheduled for 9/25/2025. Dkt. 150.

Despite being ordered to appear at the 9/25/2025 hearing on two separate occasions, Plaintiff's counsel failed to appear. Dkt. 152. At the hearing, the Wexford Defendants reported that Plaintiff still had not provided verification and supplemental responses to written discovery as ordered on 9/9/2025. Therefore, this Court granted the Wexford Defendants' motion for rule to show cause and ordered Plaintiff's counsel to file a position paper setting forth the reasons why sanctions should not be imposed pursuant to Fed. R. Civ. P. 37(b)(2). Dkt. 153. On 10/2/2025, Plaintiff's counsel filed a written response explaining that he missed the 9/25/2025 court hearing and deadline to provide supplemental responses due to a scrivener's error. Dkt. 155. However, Plaintiff's counsel gave no indication when he would be providing supplemental discovery responses to the Wexford Defendants.

This Court addressed the rule to show cause against Plaintiff's counsel at an in-person hearing on 10/29/2025. Dkt. 160. Defense counsel informed the Court that on 10/22/2025, Plaintiff's counsel provided the required verification for the interrogatory responses, which curiously was dated 9/19/2025. Dkt. 159. Additionally, on 10/28/2025, Plaintiff's counsel provided the documents related to Request for Production 16. However, Plaintiff still had not provided supplemental responses to Interrogatories Nos. 2 and 11 as previously ordered by this Court on 9/9/2025. Plaintiff was ordered to supplement his responses to these interrogatories by 11/7/2025.

This Court finds that the Wexford Defendants' request for sanctions is well taken based on Plaintiff's counsel's dilatory conduct and failure to abide by court-ordered deadlines as outlined above. Pursuant to Fed. R. Civ. P. 37(b)(2)(C), the Wexford Defendants are entitled to recover reasonable attorney's fees and expenses from Plaintiff's counsel for preparing their second motion to compel, Dkt. 145, and motion for rule to show cause, Dkt. 149, and participating in the hearings on 9/9/2025, 9/25/2025, and 10/29/2025. The Wexford Defendants shall file a sworn statement itemizing their reasonable fees and expenses by 11/7/2025.

Entered: October 31, 2025			By: _____
							Michael F. Iasparro
							United States Magistrate Judge

1