IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| James Smith,<br><br>      *Plaintiff*,<br><br>v.<br><br>Tarry Williams, *et al.*,<br><br>      *Defendants*. | Case No. 3:23-cv-50074<br><br>Honorable Michael F. Iasparro |

**ORDER**

  Following two motions to compel and a motion for rule to show cause relating to Plaintiff's failure to supplement responses to discovery, on October 31, 2025, this Court granted Defendants Wexford Health Sources, Inc. and Dr. Larry Sy's ("the Wexford Defendants") request for reasonable attorney's fees and expenses under Federal Rule of Civil Procedure 37(b)(2)(C).[1] Dkt. 161. As requested, counsel for the Wexford Defendants filed a declaration regarding attorney's fees incurred in connection with their second motion to compel, their motion for rule to show cause, and participating in the related hearings on 9/9/2025, 9/25/2025, and 10/29/2025. Dkt. 162. Defendants' counsel seeks fees totaling $2,415. Because this Court has already determined that an award of fees is appropriate, the only issue that remains is the amount of the fee award.

  District courts have a great deal of discretion in determining the appropriate amount of a fee award. *See Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "[A] district court's evaluation of a fee petition is a lodestar analysis; that is, a computation of the reasonable hours expended multiplied by a reasonable hourly rate." *Houston v. C.G. Sec. Servs., Inc.*, 820 F.3d 855, 859 (7th Cir. 2016). "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett*, 664 F.3d at 639.

  The Court finds counsel's $210 hourly rate reasonable, along with the total hours spent. Defendants seek fees for 12.7 hours incurred in connection with the motions between June and October 2025. Dkt. 162-1. The Court has reviewed the billing summary attached to the petition for fees and finds the total hours spent, consisting of 12.7 hours spent addressing the outstanding

---

[1] "28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure empower a magistrate judge to order Rule 37 attorney's fees and costs." *Cage v. Harper*, No. 17-CV-7621, 2020 WL 1248685, at *1 (N.D. Ill. Mar. 16, 2020).

1

discovery issues, preparing the motions, and attending the hearings, to have been reasonably incurred. Additionally, this Court finds that counsel's work is within the scope of the fees this Court awarded the Wexford Defendants and the hours spent are not excessive or otherwise unreasonable.

For these reasons, and in accordance with this Court's October 31, 2025 order, Dkt. 161, the Wexford Defendants are awarded reasonable attorney's fees in the total amount of $2,415. Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), Plaintiff's counsel is ordered to pay the Wexford Defendants $2,415 on or before 12/1/2025.

Entered: November 10, 2025                By: _____
                                              Michael F. Iasparro
                                              United States Magistrate Judge